## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GREENWICH INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 1:04CV00695** |
| | § | |
| **ICE CONTRACTORS, INC.,** | § | |
| **ICE CONSULTANTS, INC.** | § | |
| **ICE EQUIPMENT, LTD.,** | § | |
| **DNDKNC, LTD.** | § | |
| **DAVID CROSS MANAGEMENT, LLC,** | § | |
| **DIANA I. CROSS and DAVID A. CROSS,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

### DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER/INCONVENIENT VENUE, BRIEF IN SUPPORT OF SAME, AND ORIGINAL ANSWER SUBJECT THERETO

Defendants, ICE Contractors, Inc., ICE Consultants, Inc., ICE Equipment, Ltd., DNDKNC, Ltd., David Cross Management, LLC, Diana I. Cross and David A. Cross (collectively, "Defendants") file this Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer for Improper/Inconvenient Venue, Brief in Support of Same, and Original Answer Thereto to Plaintiff Greenwich Insurance Company's ("Greenwich" or "Plaintiff") Original Complaint (the "Complaint").

**I.**

## MOTION TO DISMISS THE SUIT FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TRANSFER FOR IMPROPER VENUE

1. Defendants file this Motion to Dismiss the Suit for Improper Venue, or, in the Alternative, Transfer the Suit for Improper/Inconvenient Venue, because venue is not proper in the this Court under 28 U.S.C. §1391 as alleged by Greenwich.

2. If a plaintiff files a lawsuit in a district that is not proper under the applicable venue statutes, the defendant can file a motion challenging the venue under rule 12(b)(3) of the Federal Rules of Civil Procedure asking the Court to dismiss the lawsuit, or, alternatively, can ask the Court to transfer the lawsuit to a proper district under 28 U.S.C. §1406(a).

**A.   The Individual Defendants Reside in the Northern District of Texas.**

3. A civil action where jurisdiction is founded only on diversity of citizenship may be brought in a judicial district where any defendant resides only if all defendants reside in the same state. 28 U.S.C. §1391(a)(1). A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c). In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. 28 U.S.C. §1391(c). For purposes of venue under 28 U.S.C. §1391, a natural person resides where the person has their permanent residence or legal domicile.

4.      Greenwich alleges that the corporate/business entity defendants maintain their principal offices in Mesquite, Texas, and that the individual defendants reside in Heath, Texas. See Original Complaint, §§ 4-10. Mesquite, Texas is in Dallas County and Heath, Texas is located in Rockwall County. See Exhibit A, David Cross Affidavit ¶5. The Northern District of Texas is responsible for Dallas County and Rockwall County. The permanent residence/legal domicile for Diana I. Cross and David Cross is within the Northern District of Texas. See Exhibit A, David Cross Affidavit ¶5.

5.      Because permanent residence/legal domicile for the individual defendants is within the Northern District of Texas, venue in this District cannot be established under 28 U.S.C. § 1391(a)(1).

**B.      A Substantial Part of the Events Giving Rise to Greenwich's Claims Did Not Occur in this District.**

6.      The Complaint generally alleges that a substantial part of the events giving rise to Greenwich's claims occurred in this district.. See Complaint §2.

7.      When Greenwich issued the bonds at issue in this lawsuit, ICE did not communicate directly with Greenwich or its D.C. counsel.  Instead, ICE communicated with, and obtained the bonds from, Greenwich's agent located in Eastland, Texas.  See Exhibit A, Cross Affidavit §7. Greenwich's agent located in Eastland, Texas executed the bonds on behalf of Greenwich. See Exhibit A, Cross Affidavit §7. The Indemnity Agreement that Greenwich attached to its Complaint was executed at or near the time that Greenwich issued these bonds. See Exhibit A, Cross Affidavit §7. The Indemnity Agreement was executed by Defendants in Texas.  See Exhibit A, Cross Affidavit §7.

8.      Additionally, the Bonded Contract Account Agreement attached by Greenwich to its Complaint was executed by Greenwich's counsel, David Bryton.  Mr. Bryton does not office in this

District, instead, Mr. Bryton offices in Pennsylvania. See Exhibit A, Cross Affidavit §8.   Paragraph 19 of the Bonded Contract Account Agreement states that no oral agreements induced the execution of the Bonded Contract Account Agreement.

9.     Additionally, the Subordination Agreement attached by Greenwich to its Complaint shows, on its face, that it was executed by Greenwich's counsel, David Bryton, in Pennsylvania. This agreement shows, on its face, that the other party to this agreement, Valhalla Capital, LLC, executed it in Nevada.   Greenwich is a Delaware corporation.   See Complaint §3.

**C.     None of the Defendants Continues to Conduct Business in This District.**

10.     The Complaint generally alleges that one of the Defendants conducts business in this District.  See Complaint §2.

11.     Greenwich alleges that ICE Contractors, Inc. ("ICE") is the principal on bonds regarding two projects within this District.  See Complaint § 14.   ICE ceased its work on these projects, and its business operations within this District, no later than February, 2004.  ICE's sole business related activity within this District is the collection of the amounts due to ICE on these projects.  See Exhibit A, Cross Affidavit §6. The other business entities that are defendants, as well as the individual defendants, have not conducted business within this District.  See Exhibit A, Cross Affidavit §6.

12.     Because a substantial part of the events giving rise to Greenwich's claims did **not** occur in this district, venue in this District cannot be established under 28 U.S.C. §1391(a)(2).

**D.    Because This Action May Be Brought in Texas, Venue in This District Cannot Be Established Under 28 U.S.C. §1391(a)(3).**

13.    Venue may be established in a district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. §1391(a)(3).

14.    As shown above, this action may be brought in the Northern District of Texas. As a result, venue in this District may not be established under 28 U.S.C. §1391(a)(3).

**E.    The Permissive Indemnity Clause in the Indemnity Agreement Does Not Establish Venue in this District.**

15.    Greenwich generally alleges that the Indemnity Agreement states that this lawsuit may be brought in this District.

16.    A venue clause that is permissive, rather than a mandatory venue clause that exclusively designates a forum, may be disregarded. *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel* Co., 69 F.3d 1034, 1037 (9th Cir. 1995); *McDonnell Douglas Corp. v. Islamic Republic of Iran*, 758 F.2d 341, 346 (8th Cir. 1985); *Asia N. Am. Eastbound Rate Agreement v. Pacific Champion Serv. Corp.*, 864 F. Supp. 195, 199 (D. D.C. 1994).

17.    The venue clause in the Indemnity Agreement attached to the Complaint states that "[t]he Undersigned agree to personal jurisdiction in whatever jurisdiction in which the Surety sustains or pays any loss for which the Surety is liable hereunder and in whatever jurisdiction Surety may be sued as a consequence of its having issued any Bond." See Original Complaint Exh. A, Indemnity Agreement ¶9.X. Because this clause is permissive, rather than mandatory, it may be disregarded.

**DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER/INCONVENIENT VENUE, BRIEF IN SUPPORT OF SAME, AND ORIGINAL ANSWER SUBJECT THERETO                    Page 5**

18.     Additionally, Greenwich has not established that the underlying conditions precedent have occurred that would result in this permissive venue clause becoming applicable because Greenwich has not been sued in this District and Greenwich has not shown that Greenwich may be sued in this District.

19.     The March 19, 2004 letter attached to the Complaint identifies various bond claims/lawsuits. See Complaint Exh. D, March 19, 2004 Letter. However, these will not subject Greenwich to suit in this District, as follows.

20.     First, the bond claim for Environmental Alternatives results from the NIH Building project in Bethesda, Maryland. A true and correct copy of Greenwich's November 24, 2003 letter, without the enclosure, is attached to this pleading as Exhibit B.

21.     Next, the lawsuit for Brand Scaffolding was filed in the Superior Court of the District of Columbia. A true and correct copy of Greenwich's October 31, 2003 letter is attached to this pleading as Exhibit C.

22.     Next, the bond claim for H&E Equipment Services, LLC results from a project for the City of Marshall, Texas. A true and correct copy of Greenwich's March 12, 2004 letter is attached to this pleading as Exhibit D.

23.     Next, the bond claim for Southwest Environment Services, Inc. results from a project for the City of Marshall, Texas. A true and correct copy of Greenwich's December 17, 2003 letter, without the enclosures, is attached to this pleading as Exhibit E.

24.     In summary, because venue is not proper in this District under section 1391, this Court should dismiss this lawsuit. See FED. R. CIV. P. 12(b)(3).

**DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER/INCONVENIENT VENUE, BRIEF IN SUPPORT OF SAME, AND ORIGINAL ANSWER SUBJECT THERETO**          **Page 6**

## II.

## MOTION TO TRANSFER VENUE

25.     Additionally, if a plaintiff files a lawsuit in a district of proper venue that is inconvenient for the defendant or the witnesses, and if there is a more convenient federal district or division where the lawsuit could have been brought, the defendant may file a motion to transfer venue under 28 U.S.C. §1404(a).   The local interest in adjudicating localized controversies and the unfairness of burdening citizens in an unrelated forum with jury service is a factor the Court may consider.  *Gulf Oil v. Gilbert*, 330 U.S. 501, 509 (1947).

26.     As shown above, Greenwich has not established that venue is proper in this District. However, in the event that this Court determines that permissive venue has been established in this District, then this Court should transfer this lawsuit to the Northern District of Texas, which is a more convenient federal district.

27.     A civil action where jurisdiction is founded solely upon diversity of citizenship may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. §1391(a)(2).

28.     Because the overwhelming majority of the events  giving rise to the claim occurred in the Northern District of Texas, this is the judicial district in which a substantial part of the events or omissions giving rise to the claim.  *See* 28 U.S.C. §1391(a)(2).

29.     In summary, Defendants move that this Court dismiss this lawsuit for improper venue, or, in the alternative, transfer this lawsuit to the Northern District of Texas for improper venue and/or convenient venue.

## II.

## ORIGINAL ANSWER

1.     Subject to Defendants' Motion to Dismiss, or, in the Alternative, to Transfer for Improper Venue as set forth above, Defendants file this Original Answer to Plaintiff's Original Complaint.

2.     Defendants admits that Plaintiff make this Complaint against the Defendants. Defendants deny the remaining allegations in this paragraph.

3.     Defendants admit the allegations in Paragraph 1.

4.     Defendants deny the allegations in Paragraph 2.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

6.     Defendants admit the allegations in Paragraph 4.

7.     Defendants admit the allegations in Paragraph 5.

8.     Defendants admit the allegations in Paragraph 6.

9.     Defendants admit the allegations in Paragraph 7.

10.     Defendants admit the allegations in Paragraph 8.

11.     Defendants admit the allegations in Paragraph 9.

12.     Defendants admit the allegations in Paragraph 10.

13.     Defendants deny the allegations in Paragraph 11.

14.     Defendants restate and incorporate Defendants' responses to paragraphs 1 through 11 above in response to paragraph 12. Defendants deny the remaining allegations in this paragraph.

15.     Defendants admit the allegations in Paragraph 13.

16.     Defendants admit the allegations in Paragraph 14.

17.     Defendants admit the allegations in Paragraph 15 to the extent the allegations accurately reflect the applicable provisions of the Bonds. Defendants deny the remaining allegations in this paragraph.

18.     Defendants admit the allegations in Paragraph 16.

19.     Defendants admit the allegations in Paragraph 17 to the extent the allegations are regarding the Indemnitors.   Defendants deny the remaining allegations in this paragraph.

20.     Defendants admit the allegations in Paragraph 18 to the extent the allegations are regarding the Indemnitors.   Defendants deny the remaining allegations in this paragraph.

21.     Defendants admit the allegations in Paragraph 19 to the extent the allegations are regarding the Indemnitors.   Defendants deny the remaining allegations in this paragraph.

22.     Defendants admit the allegations in Paragraph 20 to the extent the allegations are regarding the Indemnitors.   Defendants deny the remaining allegations in this paragraph.

23.     Defendants admit the allegations in Paragraph 21 to the extent the allegations are regarding the Indemnitors.   Defendants deny the remaining allegations in this paragraph.

24.     Defendants admit the allegations in Paragraph 22.

25.     Defendants admit the allegations in Paragraph 23 that Greenwich has received Payment Bond claims relating to payment for labor and materials and that a payment bond claimant has filed suit against Greenwich asserting a claim under a payment bond.  Defendants deny the remaining allegations in this paragraph.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

27.     Defendants admit the allegations in Paragraph 25 that ICE Contractors, Inc. applied for a line of credit from Valhalla.  Defendants deny the remaining allegations in this paragraph.

28.     Defendants admit the allegations in Paragraph 26 that ICE Contractors, Inc. and Greenwich discussed Greenwich subordinating its line rights in certain assets to Valhalla. Defendants deny the remaining allegations in this paragraph.

29.     Defendants admit the allegation in Paragraph 27 that a true and correct copy of the Bonded Contract Account Agreement is attached to the Complaint and that Defendants executed this agreement.  Defendants deny the remaining allegations in this paragraph.

30.     Defendants admit the allegations in Paragraph 28.

31.     Defendants admit the allegation in Paragraph 29 that a true and correct copy of the Subordination Agreement is attached to the Complaint, that this agreement subordinated certain of Greenwich lien rights and that Greenwich executed this agreement.  Defendants deny the remaining allegations in this paragraph.

32.     Defendants admit the allegations in Paragraph 30 that the Valhalla line of credit has been drawn down in the amount of approximately $500,000.00.  Defendants deny the remaining allegations in this paragraph.

33.     Defendants admit the allegation in Paragraph 31 that no checking account was established.   Defendants deny the remaining allegations in this paragraph.

34.     Defendants admit the allegations in Paragraph 32 that Greenwich has received claims from subcontractors stating that they have not been paid. Defendants deny the remaining allegations in this paragraph.

35.     Defendants admit the allegation in Paragraph 33 that a true and correct copy of Greenwich's March 19, 2004 letter is attached to the Complaint and that this letter contains Greenwich's demand for security in the amount of $115, 000.00. Defendants deny the remaining allegations in this paragraph.

36.     Defendants admit the allegations in Paragraph 34.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

40.     Defendants restate and incorporate Defendants' responses to paragraphs 1 through 37 above in response to paragraph 38. Defendants deny the remaining allegations in this paragraph.

41.     Defendants admit the allegation in Paragraph 39 that Greenwich has received payment bond claims and that Centex Construction Company has written Greenwich regarding some of the projects upon which Greenwich issued performance bonds.  Defendants deny the remaining allegations in this paragraph.

42.     Defendants deny the allegation in Paragraph 40.

43.     Defendants deny the allegation in Paragraph 41.

44.     Defendants deny the allegation in Paragraph 42.

45.     Defendants deny the allegation in Paragraph 43.

46.     Defendants deny the allegation in Paragraph 44.

47.     Defendants deny the allegation in Paragraph 45.

48.     Defendants deny the allegation in Paragraph 46.

49.     Defendants restate and incorporate Defendants' responses to paragraphs 1 through 37 above in response to paragraph 47.  Defendants deny the remaining allegations in this paragraph.

50.     Defendants deny the allegation in Paragraph 48.

51.     Defendants deny the allegation in Paragraph 49.

52.     Defendants deny the allegation in Paragraph 50.

53.     Defendants deny the allegation in Paragraph 51.

54.     Defendants deny the allegation in Paragraph 52.

55.     Defendants deny the allegation in Paragraph 53.

56.     Defendants deny the allegation in Paragraph 54.

57.     Defendants deny the allegation in Paragraph 55.

58.     Defendants restate and incorporate Defendants' responses to paragraphs 1 through 37 above in response to paragraph 56. Defendants deny the remaining allegations in this paragraph.

59.     Defendants deny the allegation in Paragraph 57.

60.     Defendants admit the allegation in Paragraph 58.

61.     Defendants deny the allegation in Paragraph 59.

62.     Defendants deny the allegation in Paragraph 60.

63.     Defendants deny the allegation in Paragraph 61.

64.     Defendants deny the allegation in Paragraph 62.

65.     Defendants restate and incorporate Defendants' responses to paragraphs 1 through 37 above in response to paragraph 63. Defendants deny the remaining allegations in this paragraph.

66.     Defendants admit the allegation in Paragraph 64.

67.     Defendants deny the allegation in Paragraph 65.

68.     Defendants deny the allegation in Paragraph 66.

69.     Defendants deny the allegation in Paragraph 67.

70.     Defendants restate and incorporate Defendants' responses to paragraphs 1 through 37 above in response to paragraph 68. Defendants deny the remaining allegations in this paragraph.

71.     Defendants admit the allegation in Paragraph 69.

72.     Defendants deny the allegation in Paragraph 70.

73.     Defendants deny the allegation in Paragraph 71.

74.     Defendants deny the allegation in Paragraph 72.

75.     Defendants deny the allegation in Paragraph 73.

76.     Defendants deny the allegation in Paragraph 74.

77.     Defendants deny the allegation in Paragraph 75.

78.     Defendants restate and incorporate Defendants' responses to paragraphs 1 through 37 above in response to paragraph 76.  Defendants deny the remaining allegations in this paragraph.

79.     Defendants deny the allegation in Paragraph 77.

80.     Defendants deny the allegation in Paragraph 78.

81.     Defendants deny the allegation in Paragraph 79.

82.     Defendants deny the allegation in Paragraph 80.

83.     Defendants deny the allegation in Paragraph 81.

84.     Defendants deny the allegation in Paragraph 82.

85.     Defendants deny the allegation in Paragraph 83.

86.     Defendants deny the allegation in Paragraph 84.

87.     Defendants deny the allegation in Paragraph 85.

88.     In response to the Prayer paragraph in Greenwich's complaint, Defendants admit that Greenwich prays for the relief requested therein, but denies that Greenwich is entitled to such relief.

89.     In further response to Greenwich's complaint, Defendants deny all other allegations contained therein not specifically admitted above.

## III.

## AFFIRMATIVE DEFENSES

90.     Plaintiff's claims are barred in whole or in part by the statute of frauds.

91.     Plaintiff's claims are barred in whole or in part because the Bonded Contract Account Agreement states that there were no oral agreements of any kind that induced the execution and delivery of this agreement.

92.     Plaintiff's claims are barred in whole or in part by the merger doctrine.

93.     Plaintiff's claims are barred in whole or in part by the parol evidence rule.

93.     Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands.

# IV.

## PRAYER

For these reasons, Defendants ask the Court to grant this motion to dismiss, or, in the alternative, transfer this cause for improper venue, and subject to Defendants' motion, enter judgment that Plaintiff take nothing, deny Plaintiff any relief, assess costs against Plaintiff and award Defendants all other relief to which Defendants are entitled.

McGUIRE, CRADDOCK & STROTHER, P.C.


By:   /s/ Jeffrey R. Sandberg  05/27/04
            Jeffrey R. Sandberg
            Texas Bar No. 00790051

            3550 Lincoln Plaza
            500 N. Akard
            Dallas, Texas 75201
            (214) 954-6800
            (214) 954-6868 (facsimile)
            email address: jsandberg@mcguirecraddock.com


**DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER/INCONVENIENT VENUE, BRIEF IN SUPPORT OF SAME, AND ORIGINAL ANSWER SUBJECT THERETO**               **Page 15**

Law Office of W. Louis Hennessy


_____/s/ W. Louis Hennessy_____05/27/04_____
W. Louis Hennessy
D.C. Bar No. 459323
201 Centennial Street
P.O. Box 1845
LaPlada, Md.  20646
301/753-4600 - Phone
301/934-4165 - Fax
email address: wlhennessy4@aol.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

This is to certify that I attempted to speak by telephone with counsel for Plaintiff regarding this Motion on May 21, 2004.  I was told by his office that he was not in.  I left him a voice mail message regarding this Motion.

_/s/ Jeffrey R. Sandberg  05/27/04_____
Jeffrey R. Sandberg

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via certified mail return receipt requested on this the 27TH day of May, 2004 to the following counsel:

Neil Henrichsen, Esq.
Henrichsen Siegel, P.L.L.C.
1850 M Street, NW Suite 250
Washington, DC 20036

_/s/ Jeffrey R. Sandberg  05/27/04_____
Jeffrey R. Sandberg

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREENWICH INSURANCE §
COMPANY, §
§
    PLAINTIFF, §
§
VS. §     CIVIL ACTION NO. 1:04CV00695
§
ICE CONTRACTORS, INC., §
ICE CONSULTANTS, INC. §
ICE EQUIPMENT, LTD., §
DNDKNC, LTD. §
DAVID CROSS MANAGEMENT, LLC, §
DIANA I. CROSS and DAVID A. CROSS, §
§
    DEFENDANTS. §

### AFFIDAVIT OF DAVID CROSS

STATE OF TEXAS §
§
COUNTY OF DALLAS §

    BEFORE ME, the undersigned authority, a notary public in and for said county and state, on this day personally appeared DAVID CROSS, who being by me duly sworn upon oath, stated:

    2.    I am the Vice President of Plaintiff ICE Contractors, Inc. ("ICE" or "Plaintiff") and I have held that position at all times material to this Affidavit.

    3.    As the Vice President of ICE, I have personal knowledge of the business activities of ICE. All of the information contained in this Affidavit is based on my personal knowledge and is true and correct.



**AFFIDAVIT OF DAVID CROSS**      **Page 1**

4.     Because I am the Vice President of ICE, I exercise supervisory custody over the books and records of ICE pertaining to the transaction that is the subject of this lawsuit. The attached documents are true and correct copies of documents that are maintained in ICE's records. These documents were made at or near the time by, or from information transmitted by, a person with knowledge, are kept in the course of a regularly conducted business activity, and it is the regular practice of ICE to make or keep such records.

5.     Mesquite, Texas is in Dallas County and Heath, Texas is located in Rockwall County. The permanent residence/legal domicile for Diana I. Cross and David Cross is within the Northern District of Texas.

6.     ICE ceased its work on these projects, and its business operations within this District, no later than February, 2004. ICE's sole remaining business related activity within this District is the collection of the amounts due to ICE on these projects. The other business entities that are defendants, as well as Diana Cross and myself, have not conducted business in this District.

7.     When Greenwich issued the bonds at issue in this lawsuit, ICE did not communicate directly with Greenwich or its D.C. counsel. Instead, ICE communicated with, and obtained the bonds from, Greenwich's agent located in Eastland, Texas. Greenwich's agent located in Eastland, Texas executed the bonds on behalf of Greenwich. The Indemnity Agreement that Greenwich attached to its Complaint was executed at or near the time that Greenwich issued these bonds. The Indemnity Agreement was executed by Defendants in Texas.

8.     Additionally, the Bonded Contract Account Agreement attached by Greenwich to its Complaint was executed by Greenwich's counsel, David Bryton. Mr. Bryton does not office in this

---

**AFFIDAVIT OF DAVID CROSS**                                                               **Page 2**

District, instead, Mr. Bryton offices in Pennsylvania.  The Bonded Contract Account Agreement

was executed by Defendants in Texas.

FURTHER AFFIANT SAITH NOT.


DAVID CROSS, VICE PRESIDENT
ICE CONTRACTORS, INC.


STATE OF TEXAS                          §
                                        §
COUNTY OF DALLAS                        §

        SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this the 20
day of May, 2004.

Notary in and for the State of Texas


MOHAMMAD M. ABDALLA
MY COMMISSION EXPIRES
APRIL 16, 2005

HENRICHSEN **SIEGEL**

1850 M Street NW, Suite 250
Washington, DC 20036

202.293.7766 *telephone*
202.293.7778 *facsimile*

November 24, 2003

*via facsimile only (972) 288-8715*

Ms. Diana Cross
ICE Contractors, Inc.
103 Gross Road
Mesquite, Texas 75149

Re:   Surety:      Greenwich Insurance Company
      Claimant:    Environmental Alternatives, Inc.
      Principal:   ICE Contractors, Inc.
      Bond No.:    SEC1001039
      Project:     NIH Building, Bethesda, Maryland

Dear Ms. Cross:

Enclosed please find a payment bond claim received by Greenwich Insurance Company/XL
Environmental, Inc. (the "Surety") from Environmental Alternatives, Inc. ("Environmental")
in the amount of $2,075.00, under the above-referenced bond.

Please provide this office with a written statement setting forth any and all defenses, rights,
setoffs, and claims that ICE Contractors, Inc. may have with respect to Environmental's
claim. We ask for your written response no later than Friday, December 5, 2003.

If we do not hear from you in writing by this date, the Surety will have no other choice but to
assume this claim is valid and proceed accordingly.

This letter is sent with a full reservation of all rights and defenses of the Surety and should in
no way be construed as a waiver of the same.

Very truly yours,

Jennifer Alonso

Enclosure

cc:   David G. Bryton, Esq. (via facsimile only - w/o enclosures)
      Jeffrey Sandberg (via facsimile- w/ enclosures)

EXHIBIT
B

ATTORNEYS AT LAW WITH OFFICES IN THE DISTRICT OF COLUMBIA AND FLORIDA
*A Professional Limited Liability Company*

HENRICHSEN **SIEGEL**

1850 M Street NW, Suite 250
Washington, DC 20036

202.293.7766 *telephone*
202.293.7778 *facsimile*

October 31, 2003

*via facsimile 301.469.3601*

Philip J. Collins, Esq.
Protas, Spivok & Collins, LLC
4550 Montgomery Avenue
North Lobby Two
Suite 1125
Bethesda, MD 20814

Re:    *Brand Scaffold Builders, Inc. v. ICE Contractors, Inc. et al.*

Dear Phil:

This shall serve to confirm our telephone discussion yesterday during which you kindly
consented to extending the time for defendants to respond to the complaint filed by Brand
Scaffold Builders in the Superior Court of the District of Columbia to Monday, November 3,
2003.

Thank you.

Very truly yours,

*Neil L. Henrichsen /HH/*

Neil L. Henrichsen

cc:    Jeffrey Sandberg, Esq.

EXHIBIT

*C*

HENRICHSEN **SIEGEL**

1850 M Street NW, Suite 250
Washington, DC 20036

202.293.7766 *telephone*
202.293.7778 *facsimile*

March 12, 2004

*via facsimile (972) 642-4422 and first class mail*

Susie Gomez
H & E Equipment Services, LLC
3040 Roy Orr Blvd.
Grand Prairie, TX 75050

Re:    Surety:       Greenwich Insurance Company
       Claimant:     H & E Equipment Services, LLC
       Principal:    ICE Contractors, Inc.
       Bond No.:     SEC1001505
       Project:      City of Marshall

Dear Ms. Gomez:

Please be advised that we have reviewed all the supporting documentation provided by H & E Equipment Services, L.L.C. ("H & E") and do not have in our possession any documents concerning the authority of H & E to conduct business in the State of Texas. In order for us to fully and properly evaluate the bond claim for the above referenced project, please provide us with any such documents, such as a Certificate of Incorporation or, if H & E is a foreign corporation registered outside of the State of Texas, a Certificate of Authority as required by Texas law.

We are pursuing our investigation of this matter on behalf of the Surety under a full and complete reservation of all rights and defenses under the bonds and the bonded contract, and this letter should in no way be construed to be a waiver or modification of the same. Further, this letter should not be construed as either an acceptance or denial of this claim.

If you have questions concerning any of the above, please feel free to contact me or Joanna Onorato. Otherwise, we look forward to receiving the requested information.

Very truly yours,

Jennifer Alonso

cc:    David G. Bryton, Esq. *(via facsimile only)*
       Jeffrey Sandberg, Esq. *(via facsimile only)*



ATTORNEYS AT LAW WITH OFFICES IN THE DISTRICT OF COLUMBIA AND FLORIDA
*A Professional Limited Liability Company*

HENRICHSEN **SIEGEL**

1850 M Street NW, Suite 250
Washington, DC 20036

202.293.7766 *telephone*
202.293.7778 *facsimile*

*via facsimile only (972) 288-8715*

December 17, 2003

Ms. Diana Cross
ICE Contractors, Inc.
103 Gross Road
Mesquite, Texas 75149

Re:   Surety:       Greenwich Insurance Company
      Claimant:     Southwest Environment Services, Inc.
      Principal:    ICE Contractors, Inc.
      Bond No.:     SEC1001505
      Project:      City of Marshall, TX

Dear Ms. Cross:

Enclosed please find a payment bond claim received by Greenwich Insurance Company/XL
Environmental, Inc. (the "Surety") from Southwest Environment Services, Inc. ("Southwest")
in the amount of $3,500.00, under the above-referenced bond.

Please provide this office with a written statement setting forth any and all defenses, rights,
setoffs, and claims that ICE Contractors, Inc. may have with respect to Southwest's claim.
We ask for your written response no later than Friday, December 26, 2003.

If we do not hear from you in writing by this date, the Surety will have no other choice but to
assume this claim is valid and proceed accordingly.

This letter is sent with a full reservation of all rights and defenses of the Surety and should in
no way be construed as a waiver of the same.

Very truly yours,

Jennifer Alonso

Enclosures

cc:    David G. Bryton, Esq. (via facsimile only - w/o enclosures)
       Jeffrey Sandberg, Esq. (via facsimile only - with enclosures)

EXHIBIT
E

**ATTORNEYS AT LAW WITH OFFICES IN THE DISTRICT OF COLUMBIA AND FLORIDA**
*A Professional Limited Liability Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREENWICH INSURANCE §
COMPANY, §
§
  PLAINTIFF, §
§
VS. §    CIVIL ACTION NO. 1:04CV00695
§
ICE CONTRACTORS, INC., §
ICE CONSULTANTS, INC. §
ICE EQUIPMENT, LTD., §
DNDKNC, LTD. §
DAVID CROSS MANAGEMENT, LLC, §
DIANA I. CROSS and DAVID A. CROSS, §
§
  DEFENDANTS. §

## AFFIDAVIT OF JEFFREY R. SANDBERG

BEFORE ME, the undersigned authority on this day appeared Jeffrey R. Sandberg, well known to me, and upon his oath, deposed and said as follows:

1.  "My name is Jeffrey R. Sandberg. I am over the age of 18 years, have never been convicted of a felony, and am fully competent to make this Affidavit. The statements made herein are within my personal knowledge and are true and correct.

2.  I am an attorney of the firm of McGuire, Craddock & Strother, P.C. and I am licensed in Texas and Florida. I am Board Certified in Civil Appellate Law by the Texas Board of Legal Specialization and I have practiced law in Texas since 1995.

3.  Attached to Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer for Improper/Inconvenient Venue, Brief in Support of Same, and Original Answer

---

**AFFIDAVIT OF JEFFREY R. SANDBERG**        **Page 1**



EXHIBIT
F

Thereto are true and correct copies of letters received from Greenwich Insurance Company's counsel, without the enclosures referenced in the letters.

FURTHER AFFIANT SAITH NOT.

_____
Jeffrey R. Sandberg

COUNTY OF DALLAS      §
                                         §
STATE OF TEXAS          §

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this the 24th day of May, 2004.



_____
Notary Public, State of Texas